IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARY ALISA KENDRA FROUHAR,

    Plaintiff,

vs.                                                Case No. 1:11cv184-MP/WCS

MICHAEL J. ASTRUE,

    Defendant.

_____/


## REPORT AND RECOMMENDATION

Pending is Plaintiff's complaint for judicial review of the adverse administrative decision of the defendant.  Doc. 1.  Leave to proceed *in forma pauperis* was granted in this court's order entered September 12, 2011, doc. 4, and the clerk issued summons on September 13, 2011, pursuant to Fed.R.Civ.P. 4(I).  Doc. 5.  Because the deadline expired and no activity by way of filing executed service returns or otherwise had occurred in this case since that date, this court entered an order directing the Plaintiff to advise the court the status of service by December 20, 2011.  Doc. 6.  Plaintiff was warned of dismissal if she failed to respond to that order.  *Id.*

Pursuant to Fed. R. Civ. P. 4(m), service must be completed within 120 days from the date of filing.  Rule 4(m), as amended in 1993, provides:

> If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m)(1993).  The 1993 amendment substantially changed the discretion exercised by federal courts under this rule.  Espinoza v. U.S., 52 F.3d 838, 841 (10th Cir. 1995).  Although a showing of "good cause" was formerly required under the prior rule, an extension of time may be granted to a plaintiff to avoid dismissal without a showing of good cause.  Henderson v. United States, 517 U.S. 654, 116 S. Ct. 1638, 1643, 134 L. Ed. 2d 880, 889 (1996) (recognizing the 1993 amendments accord judges "discretion to enlarge the 120-day period 'even if there is no good cause shown.'"), *quoting* the Advisory Committee Notes, Fed. R. Civ. Pro. 4.  Nevertheless, a satisfactory reason must be presented to avoid dismissal for failure to serve the complaint within 120 days.  Such reasons, if the exist, may be presented through objections to this report and recommendation or through a motion for reconsideration.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to respond to this court's order and for failure to serve the complaint within 120 days as is required by FED. R. CIV. P. 4(m).

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2012.


      s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 1:11cv184-MP/WCS

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.